# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BOLA AJIWOJU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-1005-CV-W-FJG |
| | ) |
| UNIVERSITY OF MISSOURI-KANSAS CITY, et al., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Order (Doc. # 4); Defendant's Motion to Dismiss (Doc. # 6); plaintiff's Motion to Amend/Correct Proposed Scheduling Order (Doc. # 14); plaintiff's Motion to Produce (Doc. # 17) and plaintiff's Motion to Strike Defendant's Reply Suggestions (Docs. # 18,19).

## I. BACKGROUND

Plaintiff has filed a five count Complaint against the University of Missouri - Kansas City for Discrimination under Title VI of § 2000d, Discrimination under Title VI of §1981, Breach of Contract, Violation of 42 U.S.C. § 1983 and Retaliatory Discharge and Wrongful Termination.

The University has filed a motion to dismiss Count IV (Violation of 42 U.S.C. § 1983) of plaintiff's Complaint and all other claims or counts brought by plaintiff pursuant to Sections 1981 and 1983. Defendant argues that the University of Missouri-Kansas City is not a legal entity amendable to suit, but rather is only one campus which is part of the University of Missouri system. The formal name for this entity defendant states is

The Curators of the University of Missouri. Mo.Rev.Stat. § 172.020. Defendant also argues that the Curators are not subject to liability under 42 U.S.C. § 1983 and also argues that they are immune under the Eleventh Amendment to the United States Constitution.

## II. DISCUSSION

### A. Standard of Review

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

2

**B. Section 1983 Claims**

To the extent that plaintiff is alleging claims under Section 1983, the Court finds that these claims would be barred, as the University is not an "person" subject to suit under this statute. In <u>Norfleet by and through Norfleet v. State of Ark. Dept. of Human Services</u>, 796 F.Supp. 1194 (E.D.Ark. 1992), <u>aff'd</u>, 989 F.2d 289 (8th Cir. 1993), the Court stated, "[a] state is not a "person" within the meaning of 42 U.S.C. § 1983 and thus may not be sued under that statute." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). <u>See</u> <u>also</u>, <u>Rawlings v. Iowa Dept. of Human Services</u>, 820 F.Supp. 423, 427-28 (S.D.Iowa 1993); <u>Kinnison v. Mississippi Dept. of Wildlife, Fisheries, and Parks</u>, 990 F.Supp. 481, 484 (S.D.Miss.1998).

**C. Eleventh Amendment Immunity**

Defendant also argues that Count IV of plaintiff's Complaint should be dismissed because the University of Missouri is immune from suit pursuant to the Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

In <u>Sherman v. Curators of University of Missouri</u>, 871 F.Supp. 344, 348 (W.D.Mo. 1994), the Court held that the University of Missouri was entitled to Eleventh Amendment immunity. Similarly, in <u>Long v. Curators of University of Missouri</u>, No. 92-814-CV-W-6, 1993 WL 52821, *1 (W.D.Mo. 1993), the Court stated:

3

> [t]he law is clear and the plaintiff does not dispute that the Curators of the University of Missouri are representatives of the State entitled to immunity under the Eleventh Amendment unless it has been waived. . . . A waiver of Eleventh Amendment immunity by a state must be by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction. . . . Consent to suit in state court is not a waiver of immunity in federal court.

Id. at *1 (internal citations and quotations omitted).

See also Bakhtiari v. Lutz, No. 4:04CV01071AGF, 2006 WL 2664383, *11 (E.D.Mo. Sept. 15, 2006)("Eleventh Amendment immunity shielded the Defendants in this case from a claim for damages in federal court.")

Plaintiff states that he believes that "the Eleventh Amendment is Unconstitutional Law." (Plaintiff's Suggestions in Opposition, p. 1). While this may be plaintiff's belief, to the Court's knowledge, the Eleventh Amendment is still good law. Plaintiff then goes on to discuss how in certain contexts, such as bankruptcy, sovereign immunity does not apply. However, in the instant case it is clear that the University of Missouri is a state instrumentality entitled to Eleventh Amendment immunity. Scherer v. Curators of University of Missouri, 49 Fed.Appx. 658, 658-59, 2002 WL 31426458 (8th Cir. Oct. 31, 2002) and Ormerod v. Curators of University of Missouri, 97 Fed.Appx. 71, 72 (8th Cir. May 21, 2004).

Therefore, the Court hereby **GRANTS** defendant's Motion to Dismiss and hereby **DISMISSES** Count IV of plaintiff's Complaint, including all claims brought pursuant to Sections 1981 and 1983.

In its Motion to Dismiss, defendant did not move for dismissal of plaintiff's state law claims. However, in Bakhtiari, the Court stated that "The Eleventh Amendment

immunity noted above also applies to Plaintiff's § 1981 claim and *state law claims for damages.*" Id. at *12 (emphasis added). The Court would like the parties to address whether the Eleventh Amendment would also preclude plaintiff's state law claims. Defendant shall file a Memorandum addressing this issue on or before **March 12, 2007**. The plaintiff shall reply within the time provided by the rules and the defendant shall file reply suggestions.

### D. Other Pending Motions

Also pending before the Court is plaintiff's Motion for Order (Doc. # 4); plaintiff's Motion to Amend/Correct Proposed Scheduling Order (Doc. # 14); plaintiff's Motion to Produce (Doc. # 17) and plaintiff's Motion to Strike Defendant's Reply Suggestions (Docs. # 18,19).

In his Motion for an Order, plaintiff asks the Court to provide a deadline for the parties to submit a Joint Trial Schedule. The Court will **DENY** this Motion as **MOOT** as the parties have already provided the Court with a Joint Proposed Scheduling Order. Plaintiff also filed a Motion to Amend the Proposed Scheduling Order as the first proposed Order contained incorrect information regarding the date for trial. The Court hereby **GRANTS** plaintiff's Motion to Amend the Proposed Scheduling Order and notes that the Amended Proposed Scheduling Order was filed on February 5, 2007. The Court also **DENIES** plaintiff's Motion and Amended Motion to Strike defendant's Reply Suggestions (Docs. # 18, 19). Plaintiff provides no reason for striking the Reply Suggestions, but rather simply reiterates his arguments relating to the Motion to Dismiss. Plaintiff has also filed a Motion Requesting Production of Documents and

5

Things from the Defendant (Doc. # 17). The Court hereby **DENIES** this Motion (Doc. # 17) as it is a request for initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Pursuant to W.D. Mo. Local Rule 26.4, initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) are to be served upon opposing counsel, but are not to be filed with the Court.

### III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES AS MOOT** plaintiff's Motion for Order (Doc. # 4); **GRANTS** Defendant's Motion to Dismiss (Doc. # 6); **GRANTS** plaintiff's Motion to Amend/Correct Proposed Scheduling Order (Doc. # 14); **DENIES** plaintiff's Motion to Produce (Doc. # 17) and **DENIES** plaintiff's Motion to Strike Defendant's Reply Suggestions (Docs # 18, 19).

Defendant shall file a Memorandum addressing whether the Eleventh Amendment precludes plaintiff's state law claims on or before **March 12, 2007**.

Date:  2/28/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

6