# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BOLA AJIWOJU, )
)
         Plaintiff, )
)
v. ) No. 06-1005-CV-W-FJG
)
UNIVERSITY OF MISSOURI-KANSAS )
CITY, et al., )
)
         Defendant. )

# ORDER

Currently pending before the Court is plaintiff's Amended Motion to Add More Claims (Doc. # 22) and Defendant's Motion to Dismiss (Doc. # 23).

## I. BACKGROUND

Plaintiff initially filed a five count Complaint against the University of Missouri - Kansas City for Discrimination under Title VI of § 2000d, Discrimination under Title VI of §1981, Breach of Contract, Violation of 42 U.S.C. § 1983 and Retaliatory Discharge and Wrongful Termination. The University filed a motion to dismiss Count IV (Violation of 42 U.S.C. § 1983) of plaintiff's Complaint and all other claims or counts brought by plaintiff pursuant to Sections 1981 and 1983. On February 28, 2007, the Court granted defendant's Motion to Dismiss Count IV of plaintiff's Complaint, including all claims brought pursuant to Sections 1981 and 1983. The Court also requested that the parties provide briefing regarding whether the Eleventh Amendment also precluded plaintiff's state law claims. On March 7, 2007, plaintiff filed the instant Motion to Add More Claims. On March 12, 2007, the defendant filed a Motion to Dismiss plaintiff's state law

claims.  The Court will first address the Motion to Dismiss.

## II. DISCUSSION

### A. Standard of Review

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims."  Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader."  County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.),  cert. denied, 522 U.S. 859 (1997)(citations omitted).  "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'"  Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

### B. State Law Claims

Defendant states that plaintiff in his initial Complaint brought claims against the University alleging breach of contract and wrongful termination.  Defendant states that both of these claims are brought pursuant to Missouri state law and are barred by the Eleventh Amendment.

2

The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

In Sherman v. Curators of University of Missouri, 871 F.Supp. 344, 348 (W.D.Mo. 1994), the Court held that the University of Missouri was entitled to Eleventh Amendment immunity. Similarly, in Long v. Curators of University of Missouri, No. 92-814-CV-W-6, 1993 WL 52821, *1 (W.D.Mo. 1993), the Court stated:

> [t]he law is clear and the plaintiff does not dispute that the Curators of the University of Missouri are representatives of the State entitled to immunity under the Eleventh Amendment unless it has been waived. . . . A waiver of Eleventh Amendment immunity by a state must be by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction. . . . Consent to suit in state court is not a waiver of immunity in federal court.

Id. at *1 (internal citations and quotations omitted).

See also Bakhtiari v. Lutz, No. 4:04CV01071AGF, 2006 WL 2664383, *12 (E.D.Mo. Sept. 15, 2006)("The Eleventh Amendment immunity noted above also applies to Plaintiff's § 1981 claim and state law claims for damages.").

In response, plaintiff argues that Sections 1981 and 1983 provide a cause of action by which persons may seek relief for state governmental violations of the Constitution or federal law. He also argues that the University does not enjoy immunity under the Eleventh Amendment because the University receives federal grants.

However, as the Court explained in the previous Order, it is clear that the University of Missouri is a state instrumentality and is entitled to Eleventh Amendment

3

immunity. Scherer v. Curators of University of Missouri, 49 Fed.Appx. 658, 658-59, 2002 WL 31426458 (8th Cir. Oct. 31, 2002) and Ormerod v. Curators of University of Missouri, 97 Fed.Appx. 71, 72 (8th Cir. May 21, 2004).  It is also clear that plaintiff's state law claims are also precluded by the Eleventh Amendment.  Therefore, the Court hereby **GRANTS** defendant's Motion to Dismiss plaintiff's state law claims for wrongful termination and breach of contract (Doc. # 23).

**C. Motion to Amend**

After the Court's February 28, 2007 Order granting the defendant's Motion to Dismiss, plaintiff filed a Motion to Add More Claims.  Plaintiff seeks leave to add claims under Title IX of the Education Amendment of 1972, the Age Discrimination Act, Violation of § 1981, § 601, Violation of §1983, § 602 and Conspiracy and Retaliation § 1988, § 2000.

> Leave to amend under Federal Rule of Civil Procedure 15(a) shall be freely given when justice so requires. . . .There is, however, no absolute right to amend a pleading. . . . Leave should be denied where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.

Carter v. United States, 123 Fed.Appx. 253 (8th Cir. 2005)(internal citations and quotations omitted).

Despite having already ruled that plaintiff cannot assert claims against this defendant under either §1981 or §1983, plaintiff insists on asserting these claims in his Complaint.  Plaintiff states that because the University receives federal funds and federal financial assistance and loans, this abrogates the state's immunity.  Plaintiff states that the University is not an arm of the state and does not have immunity.

4

However, as was explained in the previous Order, courts have already determined that the University of Missouri is entitled to Eleventh Amendment immunity. See Sherman, 871 F.Supp.344, 348 (W.D.Mo.1994) and Long, 1993 WL 52821, *1 (W.D.Mo.1993).

Plaintiff also argues that the state has waived its immunity by accepting federal funding. However, this applies only to claims brought pursuant to the Rehabilitation Act. In Damron v. North Dakota Commissioner of Corrections, 299 F.Supp.2d 970 (D.N.D. 2004), aff'd, 127 Fed.Appx. 909 (8th Cir. 2005), the Court stated:

> The Eighth Circuit has held that [u]nder the Rehabilitation Act, states that accept federal funds are required by statute to waive their Eleventh Amendment immunity to § 504 claims. . . .Thus, a plaintiff wishing to pursue a Rehabilitation Act claim against the state will need to show that the agency in question waived its Eleventh Amendment immunity with respect to Section 504 of the Rehabilitation Act and that the waiver is valid under the Spending Clause.

Id. at 978 (internal citations and quotations omitted). In Thurber v. State of Nebraska, No. 4:06CV3174, 2006 WL 3392191, (D.Neb. Oct. 26, 2006), the plaintiff argued that Nebraska, by accepting federal funding had waived sovereign immunity as to ADEA claims. However, the Court rejected this argument and noted that no explicit waiver language was contained in the Age Discrimination in Employment Act. Id. at *4, n. 6.

In Thurber, the Court also stated, "[s]ince the ADEA does not abrogate a state's sovereign immunity, HHS and its employees acting in their official capacities enjoy Eleventh Amendment immunity from ADEA claims brought in federal court." Id. at *4.

Thus, the Court finds that it would be futile to allow plaintiff to file his proposed Amended Complaint because his Complaint contains claims under §§ 1981 and 1983 which the Court has already stated are precluded and plaintiff's ADEA claim and his state law claims are also precluded by the Eleventh Amendment. Accordingly, the

5

Court hereby **DENIES** plaintiff's Motion to Add More Claims (Doc. # 22). However, as plaintiff is proceeding pro se, and the case is in the initial stages, the Court will give him an additional opportunity to file an Amended Complaint. Plaintiff shall file his Amended Complaint on or before **May 7, 2007**. The Amended Complaint shall not contain any claims which the Court has already dismissed or has determined that plaintiff cannot assert against this defendant. Plaintiff shall also not incorporate by reference paragraphs from his initial Complaint.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** plaintiff's Motion to Add More Claims (Doc. # 22) and **GRANTS** defendant's Motion to Dismiss plaintiff's State Law Claims (Doc. # 23). Plaintiff is hereby directed to file an Amended Complaint on or before **May 7, 2007**.


Date:  April 19, 2007          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge