# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

BOLA AJIWOJU, )
)
         Plaintiff, )
)
v. ) No. 06-1005-CV-W-FJG
)
THE CURATORS OF THE UNIVERSITY )
OF MISSOURI, )
)
         Defendant. )

# ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration (Doc. # 41), plaintiff's Third Amended Motion to Add More Claims (Docs. # 42, 43)[1]; plaintiff's Second Amended Motion to Name Individuals As Defendants Within Their Personal Capacity (Doc. # 44); plaintiff's Motion to Exclude Expert Testimony (Doc. # 50); plaintiff's Motion to Compel Production of Documents (Doc. # 62); plaintiff's Daubert Motion to Exclude Certain Answers of Defendant (Doc. # 63), defendant's Motion for Extension of Time to File Summary Judgment Motion (Doc. # 66) and plaintiff's Motion for Extension of Time to File Response/Reply as to Defendant's Motion for Extension of Time to File Summary Judgment (Doc. # 67).

## I. BACKGROUND

Plaintiff filed his initial five count Complaint in this case on December 12, 2006. Plaintiff initially asserted claims for discrimination under Title VI of § 2000d, Discrimination under Title VI of § 1981, Breach of Contract, Violation of § 1983 and

---

[1] These motions appear to be identical, although they were filed on different days.

Retaliatory Discharge and Wrongful Termination. Plaintiff alleges that the defendant UMKC terminated him from graduate school without a hearing. The defendant filed a Motion to Dismiss the 42 U.S.C. § 1983 claim and all other claims or counts brought by plaintiff pursuant to Sections 1981 and 1983. This Court granted defendant's Motion and dismissed Count IV and all claims brought pursuant to Sections 1981 and 1983. The Court also requested additional briefing on whether the Eleventh Amendment precluded plaintiff's state law claims. On March 7, 2007, plaintiff filed a Motion to Add Additional Claims. The defendant also filed a Motion to Dismiss plaintiff's state law claims. The Court granted the Motion to Dismiss plaintiff's state law claims of wrongful termination and breach of contract. The Court denied plaintiff's Motion for Leave to File claims under §§ 1981 and 1983, the ADEA and state law claims. However, because the plaintiff was proceeding pro se, the Court gave plaintiff an additional opportunity to file an Amended Complaint, but cautioned plaintiff not include claims which the court had already dismissed or determined that plaintiff could not assert against the defendant. Plaintiff was to file his Amended Complaint on or before May 7, 2007. However, instead plaintiff filed a Notice of Interlocutory Appeal. The Appeal was eventually dismissed by the Eighth Circuit for lack of jurisdiction. The mandate was issued by the Eighth Circuit on September 19, 2007. Currently pending before the Court are plaintiff's motions to add additional claims to his Complaint, to add additional defendants, a Motion to Compel and a Motion to Strike certain paragraphs of an expert report.

## II. STANDARD

A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile. Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir.1998). A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Id. When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion. Id.
Popoalii v. Correctional Medical Services, No. 07-1028, 2008 WL 90056, *6 (8th Cir. Jan. 10, 2008).

## III. DISCUSSION

**A. Motions to Amend**

It is difficult to tell from plaintiff's motions and his proposed Amended Complaint what claims he wishes to assert at this juncture. It would appear from his pleadings that plaintiff is seeking to assert a Title VI and a Title IX claim against the defendants. However, the proposed Third Amended Complaint, lists only a Title IX claim and contain several pages of legal argument and citations to caselaw. Defendant states that any attempt by the plaintiff to assert a Title IX claim would be futile and should therefore be denied. Defendant argues that plaintiff has only made vague, conclusory allegations that he was subjected to gender racism by female teachers and that school officials failed to take action after he complained. Defendant argues that these conclusory allegations do not satisfy the pleading requirements of Fed.R.Civ.P. 8. Defendant also

3

argues that plaintiff did not give notice to any University official that he was being discriminated against. Thus, defendant states that plaintiff will never be able to state a claim under Title IX against the University. Defendant also argues that plaintiff's breach of contract claim fails because state law claims are prohibited by the Eleventh Amendment. However, plaintiff in his reply suggestions denies that he is bringing a claim for breach of contract.

After having carefully reviewed plaintiff's Motions and defendant's responses, the Court finds that plaintiff may assert a Title IX and a Title VI claim against the defendant. The argument which defendant raises regarding the Title IX, goes more to the language of the Complaint and not to whether plaintiff can assert a claim under this statute. However, plaintiff may not assert claims against any individuals under either of these titles. In Steel v. Alma Public School Dist., 162 F.Supp.2d 1083 (W.D.Ark. 2001), the Court stated: "[t]he Eighth Circuit has held, in the Title IX context, that school officials may not be sued in their individual capacities . . . As Title IX and Title VI are parallel to each other and operate in the same manner . . . this rule applies in the Title VI context." Id. at 1085 (citations omitted). Additionally, as previously noted, plaintiff may not assert a Breach of Contract claim or any other state law claims, as they are barred by the Eleventh Amendment. Accordingly, in order to assist the Court and defendant in responding to plaintiff's allegations, plaintiff is hereby **ORDERED** to file an Amended Complaint which complies with the directions given in this Order. Plaintiff may only assert the two claims mentioned above and may not sue any of the defendants in their individual capacities. Plaintiff shall file his Amended Complaint on or before Monday,

4

**March 2, 2008**. The Court also noted that in his Third Proposed Complaint that plaintiff included several pages of legal argument and citation and the paragraphs were not consecutively numbered. Plaintiff is instructed when he files his Amended Complaint to leave out any citation to legal authority and to exclude legal argument. Pursuant to Fed.R.Civ.P. 8, a pleading shall contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Plaintiff should follow these guidelines when drafting his Amended Complaint.

### B. Motion to Compel

Plaintiff has filed a Motion to Compel, seeking to have the defendant produce certain records and information. Plaintiff did not state in his Motion to Compel whether he had complied with Local Rule 37.1. This Rule requires that the moving party confer or attempt to confer with the opposing counsel concerning the discovery dispute before filing a motion. Additionally, the Scheduling and Trial Order which was entered in this case specifically states "[t]he Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied." The Scheduling and Trial Order states that if the parties still cannot resolve the issue, then they should contact the Court to schedule a teleconference. Plaintiff is advised that simply because he is proceeding pro se does not excuse his compliance with both the Court's Scheduling Order and the Local Rules.

5

Accordingly, plaintiff's Motion to Compel (Doc. # 62) is hereby **DENIED** for failure to comply with the Scheduling Order and the Local Rules.

### C. Plaintiff's Motion to Exclude Expert Testimony

The Court is unsure what plaintiff is requesting in this motion. At one point, he appears to be asking permission to testify as an expert witness in his own case. Plaintiff then goes into a lengthy discussion regarding the Daubert requirements and explains how his testimony would fit within these requirements. However, later in his suggestions, plaintiff asks the Court to exclude expert testimony from the case because he cannot afford expert witnesses, because of his ethnic race and national origin, because he cannot secure an attorney or expert to represent him, because expert witnesses do not work on pro se cases and because it will work better for the court to permit plaintiff to produce all the exhibits for trial before the jury.

The Court believes that there is no basis on which to exclude expert testimony from this case. Plaintiff appears mainly to be concerned that he will not be able to present his evidence and exhibits. However, the Court directs plaintiff to Fed.R.Civ.P. 701 which allows opinion testimony by lay witnesses. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Exclude Expert Testimony (Doc. # 50).

### D. Plaintiff's Daubert Motion to Exclude Certain Answers of Defendant

The Court is also unsure what plaintiff is requesting in this motion. Plaintiff apparently believes that defendant's counsel, Katharine Bunn, has also been designated as defendant's expert witness. Plaintiff states in his motion, "Katharine Bunn is an attorney within her law practice and she is considered Defendant's legal

6

Case 4:06-cv-01005-FJG   Document 68   Filed 02/13/08   Page 6 of 8

expert and most of her answers to Plaintiff's complaint are false and should not be used during trial." (Plaintiff's Motion to Exclude, p. 2). Defendant did not file a response to this Motion. The Court does not believe that defendant's counsel has declared herself to be an expert witness in this case and indeed there is no such indication in the record that she has filed an expert report. Accordingly, plaintiff's Motion to Exclude Certain Answers of Defendant is hereby **DENIED** (Doc. # 63).

### E. Defendant's Motion For Extension of Time

Defendant has moved for an extension of time to file summary judgment motions. In light of the Court's ruling on plaintiff's Motion to Amend, the Court believes that a new Scheduling Order should be entered in this case. As a new date for filing summary judgment motions will be included in the revised Scheduling Order, the Court hereby **DENIES** as **MOOT** defendant's Motion for an Extension of Time (Doc. # 66). Plaintiff also filed a Motion for Extension of Time to File a Response/Reply to the Defendant's Motion for Extension of Time. However, in light of the Court's ruling, the court also **DENIES AS MOOT** plaintiff's Motion for an Extension of Time to File a Response/Reply to the Defendant's Motion (Doc. # 67).

### III. CONCLUSION

Accordingly, plaintiff's Motion for Reconsideration is hereby **DENIED** (Doc. # 41); plaintiff's Third Amended Motion to Add More Claims is hereby **GRANTED** in **PART** (Docs. # 42, 43); plaintiff's Second Amended Motion to Name Individuals as Defendants Within Their Personal Capacities is hereby **DENIED** (Doc. # 44); plaintiff's Motion to Exclude Expert Testimony is hereby **DENIED** (Doc. # 50); plaintiff's Motion to Compel

7

Defendant UMKC for Production of Documents is hereby **DENIED** (Doc. # 62); plaintiff's Daubert Motion to Exclude Certain Answers of Defendant Opinion Suggestions by Katharine Bunn is hereby **DENIED** (Doc. # 63) and defendant's Motion for an Extension of Time to file Summary Judgment Motions is hereby **DENIED** as **MOOT** (Doc. # 66) and plaintiff's Motion for an Extension of time to File Response/Reply to Defendant's Motion for an Extension of Time is hereby **DENIED** as **MOOT** (Doc. # 67).


Date: 2/13/08                                             **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                                 Chief United States District Judge