IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BOLA AJIWOJU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-1005-CV-W-FJG |
| | ) |
| UNIVERSITY OF MISSOURI - | ) |
| KANSAS CITY | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion and Amended Motion for Reconsideration (Docs. # 141, 146). On February 11, 2009, this Court granted defendant's Motion for Summary Judgment. On February 27, 2009, plaintiff filed a Motion for Reconsideration asking the Court to set aside the Order granting summary judgment pursuant to Fed.R.Civ.P. 60(b)(6). On March 24, 2009, plaintiff filed an Amended Motion for Reconsideration seeking reconsideration pursuant to Fed.R.Civ.P. 59 or alternatively Fed.R.Civ.P. 60(b)(1) and 60(b)(6).

## I. BACKGROUND

Plaintiff was a student at the University of Missouri - Kansas City from October 2003 until June 2006. Plaintiff alleges that the University discriminated against him on the basis of his race, national origin and gender. He sued the University under Title VI and Title IX. The Court granted summary judgment on the Title VI claim, finding that although plaintiff had shown that he was a member of a protected class and had suffered adverse actions in pursuit of his education, he had not shown that he was

qualified to continue pursuing his studies or that similarly situated students were treated any differently. The Court granted summary judgment on the Title IX claim because plaintiff could not establish a prima facie case of discrimination. The Court determined that plaintiff had never notified the University that he felt he was being discriminated against because of his gender. Thus, the University did not have "actual notice" of the harassment.

In his initial motion for reconsideration, plaintiff states that the Court should set aside the Order granting summary judgment due to a conflict of interest and partiality judgment. In his Amended Motion for Reconsideration, plaintiff suggests that the Court incorrectly applied a Title VII standard to his claims and that this must be corrected. Plaintiff also reasserts his conflict of interest argument and argues that the Court ignored his evidence and arguments.

## II. STANDARD

Fed.R.Civ.P. 60(b) states in part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
 . . .
(6) any other reason that justifies relief.

In <u>Frentzel v. Boyer</u>, No. 4:05-CV-2304 CAS, 2007 WL 1342178 (E.D.Mo. May 3, 2007), <u>aff'd</u>, 297 Fed. Appx. 576 (8th Cir. 2008), the Court stated, "[a] district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. . . . Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion." <u>Id</u>. at *1 (internal citations omitted).

2

## III. DISCUSSION

### A. Conflict of Interest

In his Motion for Reconsideration, plaintiff asks that Judge Larsen be removed from the case because plaintiff is acquainted with him and also because Judge Larsen is an Associate Professor with UMKC Law School. Plaintiff apparently believes that because Judge Larsen has an affiliation with UMKC Law School, and because he is also a judge on this Court, that the Court had a conflict of interest. Judge Larsen was initially assigned to this case when it was originally filed on December 12, 2006. On January 24, 2007, Judge Larsen sent a letter to the parties informing them that he is an adjunct professor at UMKC's Law School and stating his belief that this did not create a conflict of interest and that he had chosen not to recuse himself, but inviting the parties to let him know if they disagreed. On January 26, 2007, plaintiff filed a motion asking that Judge Larsen be removed from the case due to his affiliation with UMKC. On January 29, 2007, the case was reassigned to the undersigned judge. Judge Larsen has had no further involvement with the case since that time. Simply because Judge Larsen was at one time assigned to this case does not create a conflict of interest. Especially since the case was promptly reassigned upon plaintiff's request.

### B. Title IX & Title VI

Plaintiff states that this Court erred in stating that plaintiff had not complained or given notice to the University of his Title IX discrimination. Plaintiff states that the Court ignored Exhibits 2, 3 and 4 which were attached to his Memorandum in Opposition to Defendant's Motion for Summary Judgment. Exhibit 2 is a letter addressed to the

3

Graduate School Committee dated March 23, 2004. In this letter, plaintiff makes several complaints that he is being discriminated against, but in the letter he states that it is because of his nationality and his race. Similarly, Exhibits 3 and 4 also make no mention of plaintiff's gender. The Court did not ignore plaintiff's exhibits or his evidence. This is evidenced by the Court's Order, which quotes several passages from plaintiff's exhibits. The fact of the matter is that in none of plaintiff's exhibits did he inform the University that he felt he was being discriminated against on the basis of his gender. Plaintiff also argues that the Court erred in finding that he had not stated a prima facie case under either Title IX or Title VI. Plaintiff is asking the Court to revisit its factual findings related to his claims. As the Court noted in Watkins v. Lundell, 169 F.3d 540 (8th Cir.) cert. denied, 528 U.S. 928, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999), "[i]f we were to revisit factual findings without some showing of exceptional circumstances, then Rule 60(b)(6) would be nothing more than an end-run around the entire judicial process." Id. at 545. In United States v. Anderson, No. 2:04-CV-121, 2008 WL 1914324 (D.N.D. Apr. 28, 2008), the Court stated:

> [r]elief under Rule 60(b)(6) is exceedingly rare because it requires intrusion into the sanctity of a final judgment. . . . Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment at which the court properly arrived. . . . Rather, exceptional circumstances are relevant only where they bar adequate redress.

Id. at *2 (internal citations omitted). The Court finds that plaintiff has not demonstrated exceptional circumstances to justify relief under Fed.R.Civ.P. 60(b)(6).

### C. Relief Under Rule 60(b)(1)

In his amended Motion for Reconsideration, plaintiff moves for relief pursuant to

Fed.R.Civ.P. 60(b)(1), because he believes that the Court made an intentional mistake or an error. Plaintiff argues that he met the prima facie requirements for Title VI and Title IX and that the Court incorrectly applied Title VII standards to his claims. Plaintiff states that the Court erred by requiring that he demonstrate that he was qualified to continue with his studies. Plaintiff states that this is not part of the prima facie case, he is not an employee of UMKC and he needs Title VI and Title IX protection. Plaintiff may have been confused by a quotation contained in the Summary Judgment Order. In discussing plaintiff's Title VI claim, the Court stated that in Washington v. Jackson State University, 532 F.Supp.2d 804 (S.D.Miss. 2006), the Court explained:

> The burden of proof in a Title VI case is the same as that for Title VII and other civil rights statutes . . . In the absence of direct evidence of discrimination, the plaintiff may seek to establish a prima facie case with circumstantial evidence utilizing a variation of the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), model.

Id. at 810 (internal citations omitted). The quotation from this case simply notes that the burden shifting analysis is the same in Title VI cases as it is in Title VII cases. The Court then proceeded to analyze whether plaintiff had stated a prima facie case under Title VI. Thus, there was no mistake or confusion on the part of this Court regarding the law that was applied to plaintiff's case. In United States v. Anderson, the Court noted that the plaintiff in that case was attempting to challenge the Court's factual findings and legal conclusions pursuant to Fed.R.Civ.P. 60(b)(1). The Court stated:

> [t]he Eighth Circuit has held that relief under Rule 60(b)(1) for judicial error other than judicial inadvertence is not available. . . . In Sanders v. Clemco Industries, 862 F.2d 161, 169-70 (8th Cir. 1988), the Eighth Circuit concluded that it was not an abuse of discretion for the district court to deny a motion under Rule 60(b)(1) which raised only issues of law that

5

previously were rejected by the district court.

Id. 2008 WL 1914324 at * 1 (internal citations and quotations omitted). Simply, because plaintiff disagrees with the decision reached in his case, does not mean that the Court erred or made a mistake.

Next, plaintiff argues that "the judgment order is wrong and one-sided judgment." He states that the Court apparently ignored his Suggestions in Opposition because no filing number was assigned to his Suggestions in Opposition. Plaintiff also states that all of the information which he provided to the Court was not in the Order. Plaintiff states that it is his belief that there was a mutual understanding or meeting of the minds between Judge Gaitan and Judge Larsen to award judgment to UMKC because they both have an interest in UMKC.

Plaintiff's Suggestions in Opposition to the defendant's Motion for Summary Judgment were assigned a document number - Doc. # 110. It is evident that the Court fully considered both the arguments which plaintiff presented in his Suggestions in Opposition as well as the exhibits which he attached because the Order quotes from the various exhibits and discusses plaintiff's arguments. Plaintiff may disagree with the Court's analysis, but this is no reason to reconsider the Order. Additionally, as was discussed above, while Judge Larsen was at one time assigned to this case, the case was reassigned upon plaintiff's request. This Court has not discussed this case with Judge Larsen since that time nor has Judge Larsen had any further involvement with this case after it was reassigned. Thus, there is no basis for plaintiff's conflict of interest argument.

## IV. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion and Amended Motion for Reconsideration are hereby **DENIED** (Docs. 141,146).


Date:  4/10/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge